**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRIN W. SHATNER, B42950,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  3:13-cv-00703-JPG-PMF** |
| | ) | |
| **MISTY NEW,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Plaintiff filed a civil rights lawsuit pursuant to 42 U.S.C. 1983 on June 21, 2013 (See *Shatner v. Atchison et al.*, Case No. 3:13-cv-00599-JPG-PMF). The present case was severed from the original lawsuit, and the plaintiff proceeds on the following single claim:

**Count 1:** Defendants New, Severs, Richard, Harrington, Allen, Godinez, and Veath issued Plaintiff disciplinary tickets for possession of sewing needles on August 27, 2012, in retaliation and in violation of the Fourth, Eighth, and Fourteenth Amendments.

Defendants Godinez, Allen, New, Richard and Veath now seek summary judgment (Doc. 51) and argue that the plaintiff failed to exhaust available administrative remedies. Specifically, the defendants claim that the plaintiff's grievance did not sufficiently identify all of the defendants in this lawsuit. The plaintiff filed a response thereto (Doc. 55) and the defendants filed a reply (Doc. 58) to the plaintiff's response. A *Pavey* evidentiary hearing was held on March 19, 2015 in front of Judge Frazier with the plaintiff in attendance. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). For the following reasons, the Court RECOMMENDS that the defendants' motion for summary judgment be GRANTED.

1

The incident that gives rise to this litigation occurred on August 27, 2012 at Menard Correctional Center ("Menard"). According to the Illinois Department of Corrections ("IDOC") Disciplinary Report for the incident in question, on August 27, 2012 defendant New was searching through the plaintiff's "excess property" when she found three sewing needles hidden in a pencil lead container. According to the report, sewing needles are contraband at Menard. Defendants Richard and Severs are listed as witnesses on the disciplinary report. An Adjustment Committee (comprised of committee members David Johnson and defendant Veath) hearing was held on August 30, 2012. Following the hearing, the plaintiff was found guilty of possessing contraband and punished with six months in segregation, six months in "C Grade" and six months of commissary restrictions.

Shortly after the August 27, 2012 incident the plaintiff was transferred to the Stateville Northern Reception and Classification Center. On October 11, 2012, the plaintiff filed a grievance concerning the incident.[1] The plaintiff's grievance describes how he was punished for possessing sewing needles and that the punishment was in retaliation for past grievances he had filed. The October 11, 2012 grievance only mentions three IDOC employees; the unnamed "Property C/O," Sgt. Sever, and Warden Harrington. Defendants Godinez, Allen, New, Richard

---

[1] Plaintiff's grievance states:

"Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On 8-27-2012 Proper C/O & Sgt Severs was ordered by Warden Harrington to return my and my cell mate's art supplies "Cellmate John Reed B-63112." C/O stated they found 3 sewing needles in pencil leads. Pencil leads & sewing needles belonged to cellmate John Reed who was not written a ticket only I was. However sewing needles are sold in medium facilities i.e. sewing kits. I have bought sewing kits off commissary in the past in level 1 maximum, Pontiac, Menard & Stateville. My Stateville manual "2005" states we are allowed sewing needles. I've see no memo stating otherwise. I was given 6 months segregation out of retaliation for past grievances. Sgt. Severs is my enemy and is attempting to confiscate $3000.00 in art supplies and bury me in segregation for something that I never knew was contraband and that wasn't even mine. Also sewing kits are sold in commissary in medium & minimum facilities or were till recently. Thus the point is, if they sold them how can they now punish me for them?

Relief Requested: Disciplinary report to be expunged from record and all art supplies & property to be returned to me ASAP along with all other property taken at that time. Headphones, tarot cards, etc."

2

and Veath now seek summary judgment because the plaintiff did not mention them specifically in his grievance. Defendants Harrington and Severs do not seek summary judgment.

Summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 703 F.3d 966, 972 (7th Cir. 2012). The reviewing court must construe the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

The defendants' motion for summary judgment argues that the plaintiff failed to exhaust administrative remedies. All prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions must first exhaust all administrative remedies that may be available to them before filing a lawsuit. *See Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

At issue here is whether the plaintiff sufficiently identified the defendants in his grievance. IDOC regulations state:

> "The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not

known, but the offender must include as much descriptive information about the individual as possible." 20 Ill. Adm. Code 504.810.

The grievance form used and submitted by the plaintiff also states; "Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved."

Here, the plaintiff failed to sufficiently identify defendants Godinez, Allen, New, Richard and Veath. None of these individuals were named in the grievance, nor is there information in the grievance that would identify these individuals. In his grievance, the plaintiff states Warden Harrington ordered the Property C/O and Sgt. Severs to return his art supplies, that the C/O found sewing needles, and that the sewing needles punishment was merely a pretext for retaliation. The grievance goes on to state that Sgt. Severs is the plaintiff's enemy. The only identifiable individual in the grievance accused of retaliatory conduct (i.e., the basis of this lawsuit) is Sgt. Severs. The grievance does mention an unnamed Property C/O. But At the *Pavey* hearing, the plaintiff was asked to identify the Property C/O and the plaintiff responded by stating that he was still unsure of that person's identity. Without more information, the Court cannot connect the Property C/O to one of the named defendants.

The plaintiff argues that the defendants should not be granted summary judgment because his ability to exhaust was hindered. Plaintiff states that shortly after the August 27, 2012 incident, he was transferred from Menard to Stateville. At the *Pavey* hearing, the plaintiff stated that during the first few months at Stateville, he was without his legal documents and he did not remember the names of the other defendants not mentioned in the grievance. Thus, because he was without his legal documents, he could not properly identify the individuals in the October 11, 2012 grievance. While the Court acknowledges that the *pro se* prisoner litigants face many

4

challenges, the plaintiff's lack of legal documents did not preclude him from exhausting administrative remedies against the other defendants. The plaintiff was present at the August 30, 2012 adjustment committee disciplinary hearing, as were defendants Veath, Richard and Severs (it is unclear whether defendant New was at the hearing). The plaintiff could have identified those defendants in his grievance by simply stating that the individuals at the adjustment committee hearing retaliated against him, but he failed to do so. Thus, the plaintiff failed to exhaust administrative remedies against Veath, Richard and New.

Defendants Godinez and Allen were not at the adjustment committee hearing, but Defendant Godinez was the director of IDOC during the events in question, and Allen worked at the IDOC Administrative Review Board. If the plaintiff is seeking to assert that Godinez and Allen's handling of the incident was retaliatory in nature, the plaintiff would have had to file a separate grievance. The plaintiff did send a letter to Godinez regarding the incident, but simply mailing a letter does not satisfy the exhaustion requirement. The Prison Litigation Reform Act clearly states that if a prisoner intends to file a 42 U.S.C. § 1983 action with respect to prison conditions, the prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e. The exhaustion requirement affords "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Some complaints may be addressed to the prisoner's satisfaction, thereby eliminating the need to file suit. *Id*. If a lawsuit is filed, the record produced from the administrative process may be helpful over the course of the litigation. *Id*.

The defendants do not seek summary judgment for Warden Harrington, but the Warden's involvement in this grievance dispute also merits a brief discussion. In the grievance, the plaintiff never accuses Warden Harrington of any wrongdoing. In fact, the plaintiff states that

Warden Harrington ordered the Property C/O and Sgt. Severs to *return* his property. The grievance gives no indication that Warden Harrington engaged in any misconduct, or that the plaintiff is seeking redress because of the Warden's actions. For these reasons, it is unclear why Warden Harrington did not seek summary judgment on the exhaustion issue. But, failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e is an affirmative defense and it can be waived or forfeited by defendants. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999).

### RECOMMENDATION

For the foregoing reasons, it is recommended that the defendants' motion for summary judgment be GRANTED and defendants Godinez, Allen, New, Richard and Veath be dismissed from this action without prejudice.

**SO RECOMMENDED.**

**DATED:   March 24, 2015.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**