**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

DARRIN W. SHATNER, B42950,    )
           )
       Plaintiff,    )
           )
vs.           )     Case No. 13-cv-00703-JPG-PMF
           )
MISTY NEW, *et al.*,    )
           )
       Defendants.    )

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 78) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motion for Partial Summary Judgment (Doc. 51).   The Plaintiff filed an objection to the R & R (Doc. 79).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).   The Court will review *de novo* the R & R since the Plaintiff has filed an objection to the R & R.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   The reviewing court must construe the

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

Defendants motioned for summary judgment is based on Plaintiff's failure to exhaust his administrative remedies with regard to Defendants Godinez, Allen, New, Richard and Veath. Defendants Harrington and Severs do not seek summary judgment.  At issue is whether the Plaintiff sufficiently identified Defendants Godinez, Allen, New, Richard and Veath within his grievance pertaining to the incident which occurred on August 27, 2012.

Plaintiff's grievance states:

"Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved.):  On 8-27-2012 Property C/O & Sgt Severs was ordered by Warden Harrington to return my and my cell mate's art supplies "Cellmate John Reed, B-63112." C/O stated they found 3 sewing needles in pencil leads.  Pencil leads & sewing needles belonged to cellmate John Reed who was not written a ticket only I was.  However, sewing needles are sold in medium facilities i.e. sewing kits.  I have bought sewing kits off commissary in the past in level 1 maximum, Pontiac, Menard & Statesville.  My Statesville manual "2005" states we are allowed sewing needles.  I've see no memo stating otherwise.  I was given 6 months segregation out of retaliation for past grievances. Sgt. Severs is my enemy and is attempting to confiscate $3000.00 in art supplies and bury me in segregation for something that I never knew was contraband and that wasn't even mine.  Also sewing kits are sold in commissary in medium & minimum facilities or were till recently.  Thus the point is, if they sold them, how can they now punish me for them? Relief Requested:  Disciplinary report to be expunged from record and all art supplies & property to be returned to me ASAP along with all other property taken at that time. Headphones, tarot cards, etc."

There is no dispute that Defendant Severs and Defendant Harrington are identified within the grievance and Plaintiff states in his objection (Doc. 79) that he admits that Defendants Godinez and Allen should be dismissed.   As such, the Court will only address the objection with regard to Defendants New, Richard, and Veath.

According to the Plaintiff, that portion of the grievance that refers to the "Property C/O" is "Sgt. Richard" and the unnamed C/O is "clearly Misty New." (Doc. 79).   He bases this argument on the fact that Defendant New completed and the signed the disciplinary report regarding the August 27, 2012 incident and that Sgt. Richard was listed as a witness.  (Doc. 52-1).  Plaintiff states that he was not aware of the name of property C/O or the C/O who conducted the search until he returned from a transfer during which a large portion of this legal paperwork was lost.  He states that he had "no access to the names of the person such as Sgt. Richard, Misty New, or Lt. Veath" while he was at NRC Stateville for two months.

With regard to Defendant Veath, Plaintiff states that the portion of the grievance that he was given six months segregation out of retaliation was "clearly referring to the adjustment committee Lt. Veath."  (Doc. 79).

Finally, Plaintiff states in his objections that he is, and was at the time of the *Pavey* Hearing, on psychotropic medications that make it difficult to concentrate, stay awake, and focus. He also states his writing is on an 8th grade level and there was no one at the NRC Stateville to assist him with writing his grievance.

20 Ill.Adm.Code 504.810 requires an inmate to include as much descriptive information about the individuals involved as possible.  Although this does not require preclude an inmate from filing a grievance when the names of individual is not known, it does require that as much information pertaining to the individual that the inmate can provide.

The only indication with regard to retaliation was in regard to Sgt. Sever being his enemy and that Sgt. Sever was attempting "to confiscate $3000.00 in art supplies and bury me in segregation." The Plaintiff's greivance identifies a "Property Officer" and the Court assumes that there may be more than one property officer at any given facility. The Plaintiff does not mention Lt. Veath or the adjustment committee – only that the Plaintiff was given six months of segregation. Defendant Richards is also not mentioned in the grievance and Plaintiff's objections stating that the "C/O" is Richards, is not sufficient to defeat summary judgment.

Finally, Plaintiff argues that the Defendants are estopped from raising the exhaustion as a defense due to the defendants hindering and impeding the grievance process by transferring him and losing plaintiff's legal records. However, Plaintiff's grievance pertaining to the August 27, 2012 made it through to the Administrative Review Board and completed the grievance process. Plaintiff also states that he filed a grievance in September of 2012 and that he never received a response. However, it is not likely – if Plaintiff's claims of not knowing the names of New, Richard, or Veath for several months – that the grievance filed in September of 2012 would contain any additional information pertaining to those defendants than the earlier grievance of August of 2012.

Based on the above, the Court hereby **ADOPTS** the Report in its entirety (Doc. 78) and **GRANTS** Defendants' Motion for Partial Summary Judgment (Doc. 51). Defendants Godinez, Allen, New, Richard and Veath are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of this matter.

**IT IS SO ORDERED.**

**DATED:** 4/29/2015

s/*J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**