IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN W. SHATNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-00703-JPG-PMF |
| | ) |
| MISTY NEW, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's Motion (Doc. 82) to Reconsider Memorandum and Order (Doc. 81) for Good Cause Shown. It is noted that Plaintiff's Motion states pursuant to Federal Rule of Civil Procedure 59(e); however, Federal Rule of Civil Procedure 59(e) governs motions "Altering or Amending a Judgment." Fed.R.Civ. P. 59(e). As such, it does not apply to this matter because the Court has not entered judgment in favor of any party.

Plaintiff is *pro se* and the Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Therefore, the Court has construed this motion to be properly brought under Federal Rule of Civil Procedure 54(b).

The Court issued its Memorandum and Order (Doc. 81) adopting the Report and Recommendation of Magistrate Judge Frazier and dismissing Defendants Godinez, Allen, New, Richard and Veath without prejudice. The dismissals were a result of Plaintiff's failure to exhaust his administrative remedies with regard to these defendants.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances

1

such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The Plaintiff raises the same issues in his motion for reconsideration as he argued in his objections to the Report and Recommendation. The only new issue is Plaintiff's claim that he submitted an additional grievance in September of 2012 and "the so named parties were in that grievance." He further states that he filed a grievance on October 15, 2012 that the Defendants "refused to properly respond to the grievance by claiming it was past the 60 day dead line." (Doc. 82, pg 3).

Plaintiff provided a copy of the October 11, 2012 grievance and the Court notes that the grievance does not name any of the dismissed defendants. If the Plaintiff was aware of the defendants' names in September of 2012 (as he stated he filed a grievance identify all the parties), then why are those individuals not named in the October grievance. The October 11, 2012 grievance was before the Court at the evidentiary hearing and there is no evidence of a

September 2012 grievance. Plaintiff has not demonstrated a compelling reason such as a manifest error or a change in the law that would reveal the prior ruling as erroneous.

As such, Plaintiff's Motion (Doc. 82) to Reconsider Memorandum and Order (Doc. 81) for Good Cause Shown is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** 9/24/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**