IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN SHATNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-00703-NJR-RJD |
| | ) |
| MISTY NEW, PATRICK SEVERS, | ) |
| RICHARD HARRINGTON, GINA | ) |
| ALLEN, RICHARD, GODINEZ, and | ) |
| TIMOTHY VEATH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is the Motion for Summary Judgment filed by Defendants Patrick Severs and Richard Harrington (Doc. 101). Plaintiff Darrin W. Shatner is an inmate in the custody of the Illinois Department of Corrections, and Defendants are employees of the Illinois Department of Corrections. On June 23, 2013, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 (Doc. 2). On July 18, 2013, the Court screened the complaint and severed Plaintiff's claims into separate lawsuits (Doc. 1). On April 29, 2015, the Court dismissed Defendants New, Godinez, Allen, Richard, and Veath on summary judgment for failure to exhaust administrative remedies (Doc. 81.) Plaintiff now proceeds on the following claim:

> **Count 4**:   On August 27, 2012, Defendants Severs and Harrington wrongfully issued Plaintiff a disciplinary ticket in retaliation for Plaintiff's grievance.

BACKGROUND

Plaintiff entered the custody of the Illinois Department of Corrections in 1993 (Doc. 102-1 at 1). From October 13, 2010, to January 9, 2013, Plaintiff was incarcerated at Menard Correctional Center ("Menard") (*Id.* at 2). During the times relevant to the Complaint, Defendant Severs was the property room officer, and Defendant Harrington was the assistant warden (*Id.* at 2, 7).

On August 14, 2012, Officer McDonough, Sergeant Dunn, Major Dilday, and Major Cowans conducted a search of Plaintiff's cell and seized property that included Plaintiff's art supplies and religious materials (*Id.* at 4). The property seized from Plaintiff's cell was moved to the personal property room (*Id.*).

On August 27, 2012, upon Plaintiff's request for the return of his property, Officer New searched the property seized from Plaintiff's cell for contraband (*Id.* at 3; Doc. 116 at 42; Doc. 116-1 at 28). During the search, Officer New found three sewing needles in a pencil lead container (Doc. 116 at 42). Defendant Severs witnessed the search, which took place in the property room (*Id.*; Doc. 102-2). Because the sewing needles constituted contraband at Menard,[1] Officer New issued a disciplinary ticket to Plaintiff and listed Defendant Severs and Sergeant Richard as witnesses (*Id.* at 39-40, 42; Doc. 102-2 at 1-2; Doc. 102-3 at 1).

On August 30, 2012, following a hearing, the adjustment committee found Plaintiff guilty of possession of dangerous contraband and sentenced him to six months

---

[1] Although Plaintiff disagrees that sewing needles qualify as contraband, the Court defers to Defendants regarding the particular classifications of contraband in August 2012 at Menard. Plaintiff's attempts to dispute this fact consist of documentation from Stateville Correctional Center, dated September 2002, and affidavits from prisoners that do not specifically address contraband classifications at Menard at the relevant time (Doc. 116 at 46-48; Doc. 116-1 at 1-2, 4-11).

of C grade status, commissary restrictions, and segregation (Doc. 116 at 39-40). On June 21, 2013, Plaintiff filed this action (Doc. 2).

## ANALYSIS

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When presented with a motion for summary judgment the court must view all facts and reasonable inferences in a light most favorable to the nonmoving party. *Sartor v. Spherion Corp.*, 388 F.3d 275, 278 (7th Cir. 2004). The summary judgment phase of litigation has been described as the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003).

Defendants argue that they are entitled to summary judgment because they were not personally involved in the alleged wrongdoing. It is well established that "§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim" and that *respondeat superior* is not a basis for liability. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Under some circumstances supervisory employees may be subject to liability in § 1983 lawsuits, but "there must at least be a showing that the [defendant] acquiesced in some demonstrable way in the alleged constitutional violation." *Id.*

Although Defendant Severs played a limited role in the issuance of the disciplinary ticket, Plaintiff provides no evidence that Defendant Harrington was

involved in or acquiesced to the issuance. Rather, Plaintiff relies solely on Defendant Harrington's position as assistant warden (*see e.g.*, Doc. 116 at 6; 102-1 at 6). Without evidence of personal involvement, Plaintiff's claim against Defendant Harrington cannot survive summary judgment. When faced with a motion for summary judgment, the non-movant "must produce more than a scintilla of evidence to support his position." *Pugh v. City Of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001). Plaintiff has failed to meet this burden. Therefore, Defendant Harrington is entitled to summary judgment.

Defendants also argue that they are entitled to summary judgment because the evidence does not demonstrate a claim of First Amendment retaliation. "To prevail on a First Amendment retaliation claim, [plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "Once the plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant . . . to prove by a preponderance of the evidence that the same actions would have occurred in the absence of the protected conduct." *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

Defendants argue they did not act with an improper purpose and further argue the disciplinary ticket would have been issued regardless of any protected conduct or improper purpose because sewing needles are banned at Menard. With respect to the disciplinary ticket, the evidence indicates that Defendant Severs's role was limited to

witnessing Officer New's discovery of the three sewing needles. Considering Defendant Severs's limited role and the absence of any personal involvement by Defendant Harrington, the Court agrees that, even assuming an improper purpose, the disciplinary ticket would have been issued regardless of any protected conduct or improper purpose attributable to Defendants.

For these reasons, Defendants Patrick Severs and Richard Harrington are entitled to summary judgment, and Defendants' Motion for Summary Judgment is **GRANTED**. Defendants Severs and Harrington are **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED:   September 30, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**